UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JENNIFER ROMERO                                   CIVIL ACTION NO. 6:10cv785

VERSUS                                            JUDGE ELIZABETH ERNY FOOTE

PRIMERICA LIFE INSURANCE COMPANY                  MAGISTRATE JUDGE HANNA
and MIDSOUTH BANK, N.A.

MEMORANDUM ORDER

     Before the Court is a motion to dismiss, or in the alternative, motion for summary judgment, filed by Defendant MidSouth Bank. [Record Document 77]. MidSouth Bank requests that the claims against it be dismissed under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, or in the alternative, under Federal Rule of Civil Procedure 56. The Plaintiff has filed no opposition to this motion, but rather requested that it be submitted "on the record." [Record Document 94]. Following a thorough review of the Plaintiff's complaint, the Court finds that the Plaintiff has failed to state a claim upon which relief may be granted, and therefore, pursuant to Rule 12(b)(6), MidSouth Bank's motion [Record Document 77] is **GRANTED**.

### I.     Factual Background and Procedural History.

     Beginning in 2000, Plaintiff's husband, Donald Romero, obtained a term life insurance policy, with an increased benefit rider, from Defendant Primerica Life Insurance Company ("Primerica"). The Plaintiff was the beneficiary of that policy. From the inception of the policy until sometime in 2009, the premiums were either paid directly by the Romeros or the funds were drafted from their bank account at MidSouth Bank. Mr. Romero

died on October 12, 2009, prompting the Plaintiff to seek the proceeds of the life insurance policy. Primerica, however, denied payment, claiming that the insurance policy lapsed on July 1, 2009 due to non-payment of premiums.

On April 6, 2010, the Plaintiff filed suit in the 15th Judicial District in Lafayette Parish, alleging that Primerica (1) failed to properly notify her of non-payment before cancelling the policy and (2) wrongfully refused to pay her the proceeds of the policy. [Record Document 1]. On May 13, 2010, Primerica removed the suit to federal court on the basis of diversity jurisdiction. See id. On August 26, 2010, the Plaintiff's first amended complaint was filed, in which she made a demand for a jury trial. [Record Documents 18, 22].

On May 25, 2011, this Court granted the Plaintiff's motion to file a second amended complaint. [Record Document 53]. This complaint added MidSouth Bank as a defendant and charged that MidSouth Bank's failure to honor the automatic draft to Primerica resulted in the non-payment of the policy's premium, and consequently, cancellation of the policy. On November 17, 2011, this Court granted the Plaintiff permission to file a third amended complaint, in which the Plaintiff clarified that the Primerica life insurance policy had an increased benefit rider. [Record Documents 75, 76]. However, that complaint omitted all allegations against MidSouth Bank. Based on the Plaintiff's failure to allege any claims against it, MidSouth Bank filed the instant motion to dismiss on December 1, 2011. Shortly thereafter, the Plaintiff filed a fourth amended complaint, which corrected the omission of MidSouth Bank from the third amended complaint. [Record Document 84].

Pursuant to the Notice of Motion Setting issued by the Clerk of Court, the Plaintiff's opposition to MidSouth Bank's motion to dismiss was due on December 22, 2011. [Record Document 78]. The Plaintiff failed to submit any opposition. In an abundance of caution, the Court issued an Order on February 1, 2012 advising the Plaintiff that the deadline to oppose MidSouth Bank's motion had passed, but the Court would allow the Plaintiff until February 10, 2012 to file her opposition to the motion. [Record Document 86]. The Court cautioned the Plaintiff that her fourth amended complaint "will not suffice to serve as an opposition to the pending motion." Id. The Court then ordered the Plaintiff to either file an appropriate opposition by February 10, 2012, or notify the Court that MidSouth Bank's motion will be unopposed. See id. On February 10, 2012, the Court received a facsimile from Plaintiff's counsel which stated, "Please be advised that I wish to submit Mid South's Motion for Summary Judgment on the record in the above-captioned matter." [Record Document 94].

## II.   Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) demands that the plaintiff "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim.

See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

**III.    Law and Analysis.**

MidSouth Bank urges its motion to dismiss should be granted for two reasons:  (1) the third amended complaint, which was controlling at the time the instant motion was filed, failed to state any claim against MidSouth Bank whatsoever and (2) the statute of limitations has run on all claims against Midsouth Bank.  As to the first basis for dismissal, the Court finds that the third amended complaint inadvertently omitted MidSouth Bank, but the omission was corrected less than two months later.  The Court will not dismiss MidSouth Bank from this suit on the basis of a drafting mistake.

MidSouth Bank's second reason for dismissal is more persuasive.  MidSouth Bank submits that the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1601 et seq., controls the Plaintiff's claims against it.  The Plaintiff does not dispute this.  Furthermore, her complaint seemingly supports this proposition.  Indeed, it states "[a]t some point portions of the premiums were paid via monthly withdrawals from a financial account in the name(s) of Petitioner and/or decedent at a banking institution" and that MidSouth Bank "failed to honor the automatic draft . . . ."  [Record Document 84, pp. 3-4].   The EFTA provides that a financial institution

> Shall be liable to a consumer for all damages proximately caused by the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer . . . .

15 U.S.C. § 1693(h)(a)(1).[1]  The EFTA regulations expressly provide, however,:

> Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

Id. at § 1693m(g).

The Plaintiff's complaint fails to state exactly when MidSouth Bank refused to honor the funds transfer to Primerica, however, the complaint instructs that the policy lapsed as of July 1, 2009.  The Plaintiff did not add MidSouth Bank as a defendant until May 25, 2011-- well over one year after she filed her petition in state court-- despite the fact that she knew the premiums were automatically drafted from her bank account, as evidenced by her state court petition.  [See Record Document 1-1, p. 5].  Therefore, the Court finds that the statute of limitations, as set forth in 15 U.S.C. § 1693m(g), has run, and the Plaintiff's claims against MidSouth Bank must be dismissed.[2]  See Jones v. Bock, 549 U.S. 199, 214, 127 S.Ct. 910, 920 (2007)(explaining that a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations).

---

[1] One qualification to a financial institution's liability exists when the consumer's account has insufficient funds.  MidSouth Bank insists that the Romeros maintained insufficient funds in their account, which caused MidSouth Bank not to honor the funds transfer to Primerica.  Because this evidence is outside of the pleadings and is not necessary to a resolution of the motion to dismiss, the Court will not consider it.

[2] A review of the pleadings reveals the unexplored possibility that the addition of MidSouth Bank as a defendant destroyed diversity jurisdiction in this case.  No party has raised this issue.  The Court finds that because MidSouth Bank is now dismissed from the case, this issue is moot.

## IV. Conclusion.

Accordingly,

**IT IS ORDERED** that MidSouth Bank's Motion to Dismiss [Record Document 77] be and is hereby **GRANTED**. The Plaintiff's claims against Defendant MidSouth Bank be and are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** on March 19th, 2012.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE